# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50215
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERICK ROLANDO LOPEZ-MENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-1810-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

Erick Rolando Lopez-Mendez challenges his 77-month within-guidelines sentence for being found unlawfully present in the United States after deportation. The district court heard Lopez-Mendez's arguments for a lower sentence but determined that a within-guidelines sentence was appropriate. We have rejected the argument that a presumption of reasonableness should not apply to sentences pursuant to the illegal reentry Guideline, U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50215

§ 2L1.2, because the Guideline lacks an empirical basis, *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and we have also rejected the argument that § 2L1.2 renders a sentence unreasonable by double-counting a defendant's criminal history, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Although Lopez-Mendez argues that he returned to the United States because he had lived in this country since age 13 and because he wanted to see his family, this is insufficient to rebut the presumption of reasonableness applicable to his within-guidelines sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Thus, he has failed to show that his sentence is substantively unreasonable.  *See Gall v. United States*, 552 U.S. 38, 49-51 (2007).

AFFIRMED.